# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| YEVGEN VOYTOVYCH, | ) | CASE NO. 13-10893 |
| | ) | |
| Debtor(s) | ) | Hon. Timothy A. Barnes |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant:  STEVEN R. RADTKE, Chapter 7 Trustee

Authorized to Provide
Professional Service to:  Estate of YEVGEN VOYTOVYCH

Date of Order Authorizing Employment:  March 19, 2013

Period for Which
Compensation is Sought:  March 19, 2013 to close of case

Amount of Fees Sought:  $5,000.00

Amount of Expense
Reimbursement Sought:  $545.00

This is a(n):   Interim Application ___   Final Application  X

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications: N/A

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregated amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

DATED: _____   By: _____
                                        STEVEN R. RADTKE, Trustee

STEVEN R. RADTKE
79 West Monroe Street, Suite 1305
Chicago, IL 60603
(312) 346-1935
VoytevychCvrShTrAppFee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 13-10893 |
| YEVGEN VOYTOVYCH, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | |

### Notice of Filing

**TO:** *See Attached Service List*

PLEASE TAKE NOTICE that on **July 21, 2014,** I filed with the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, **Trustee's First and Final Application for Compensation and Expenses,** a copy of which is attached hereto.

/s/ Steven R. Radtke
CHILL, CHILL & RADTKE, P.C.
79 West Monroe Street, Suite 1305
Chicago, IL 60603
(312) 346-1935
ARDC: 03124816

### Certificate of Service

I, Steven R. Radtke, hereby certify that on July 21, 2014, I caused a true and correct copy of the foregoing Notice of Filing and the document identified therein to be served on the persons on the attached service list, either electronically or via first class mail, postage prepaid, as indicated on the service list.

/s/ Steven R. Radtke

VoytovychTrAppCompExp

*Service List*

**YEVGEN VOYTOVYCH, debtor
Case No. 13-10893**

Office of the U.S. Trustee
219 S. Dearborn
Suite 873
Chicago, IL  60606
USTPRegion11.ES.ECF@usdoj.gov
**Via Electronic Notice**

David Freydin
The Law Offices of David Freydin, Ltd.
8707 Skokie Blvd.
Skokie, IL 60077
david.freydin@freydinlaw.com
**Via Electronic Notice**


Yevgen Voytovych
2329 N. Elm St.
River Grove, IL 60171
**Via U.S. Mail**

VoytovychTrAppCompExp

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 13-10893 |
| YEVGEN VOYTOVYCH, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSES**

NOW COMES Steven R. Radtke, not personally, but as Trustee of the estate of Yevgen Voytovych, debtor ("Debtor"), pursuant to 11 U.S.C. §330 requests $5,000.00 as compensation and $545.00 for reimbursement of expenses, $0.00 of which has previously been paid, and states as follows:

1. On March 19, 2013 Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

2. Steven R. Radtke, is the duly appointed, qualified and acting Trustee in this Chapter 7 case.

3. Among the assets of the estate is real estate commonly known as 4938 Cornelia, Chicago, IL (the "Cornelia Property") which Debtor owns jointly with his non-Debtor spouse. On his Schedule C, he claimed a $15,000 homestead exemption pursuant to 735 ILCS 5/12-901.

4. According to his Schedule D, Debtor valued the whole of the property at $160,000, and claimed that it is secured by a mortgage with a balance of $121,963.

5. The Trustee determined in his initial investigation that the scheduled value of the Cornelia Property was greatly understated. He conferred with Donald Tomaska, a licensed real estate broker. The broker inspected the property on the Trustee's behalf, with the Debtor's cooperation. Based on his analysis, the broker recommended that the property be listed at between $300,000 and $309,000 – approximately $140,000 more than value appearing on Schedule D.

6. On August 12, 2013, Debtor filed an Amended Schedule C in which he claimed that the Cornelia Property is 100% "Exempt pursuant to Tenancy By Entirety (765 ILCS 1005/1c and 735 ILCS 5/12-112).

7. The Trustee conferred with a skip tracer named Thomas Clark. He reported that it did not appear that the Debtor and his spouse both resided at the Cornelia Property as their

2

marital residence. The Trustee objected to the claim of exemption and on October 2, 2013 the Court entered an order denying Debtor's claim of exemption.

8. Debtor now seeks to convert his Chapter 7 case to a proceeding under Chapter 13, and if the Court grants the motion, the Trustee would like to have an order entered allowing compensation and costs to the Trustee for the time the Debtor's case was in Chapter 7.

9. If the Trustee were to prevail on an action pursuant to 11 U.S.C. §363(h) and if he were to sell the property for the sum of $300,000 compensation would be computed pursuant to 11 U.S.C. §326 on the estate's one-half interest of $150,000 as follows:

| | | |
|---|---|---|
| 25% of the First $5,000 | $ 1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000 | $ 4,500.00 | ($4,500.00 max.) |
| 05% of next $950,000 | $ 5,000.00 | ($5,000.00 max) |
| Total: | $10,750.00 | |

10. The Trustee has also kept track of his time, in the alternative. A schedule of his time and expenses is attached hereto as **Exhibit A**. At his customary hourly rate the Trustee would request allowance of compensation for actual time expended in the total sum of $5,550. However, subject to the Court's approval the Trustee would agree to reduce his total fee request based on time expended to $5,000.00. In addition, the Trustee would like to be reimbursed for costs advanced, or for which his is responsible, in the sum of $545.00. That sum represents the skip tracer cost of $45.00 and the broker's cost of $500.00. The Trustee is informed that the Debtor has no objection to these requests.

WHEREFORE, the Trustee requests that the Court enter and order pursuant to 11 U.S.C. 330 allowing Trustee compensation in the amount of $5,000.00 plus costs in the amount of $545.00 for a total allowance of $5,545.00 as a Chapter 7 cost of administration.

Respectfully submitted,

STEVEN R. RADTKE, Trustee of the Estate of Yevgen Voytovych,


By: /s/  Steven R. Radtke
            Trustee

Steven R. Radtke, Trustee
ATTORNEY ID No. 0312-4816
79 West Monroe Street, Suite 1305
Chicago, IL  60603
 (312) 346-1935
VoytovychTrAppCompExp